## SUPERIOR COURT OF BALTIMORE CITY.

Filed June 12, 1907.

### EDGAR B. MOORE
### VS.
### JOHN W. PUTTS.

*William A. Wade, John Ridout* and *Fleet W. Cox* for plaintiff.

*Thomas R. Clendinen* for defendant.

SHARP, J.—

The equitable plea is bad, Code, Article 75, Section 86, provides: "It shall be lawful for the defendant in any actions at law" * * * "in which if judgment were obtained he would be entitled to relief against such judgment on equitable grounds to plead the facts which entitle him to such relief by way of defense," etc.

The facts stated in this plea would not entitle the defendant to relief in equity after a judgment had been obtained.

All matters in issue in a case are settled by the judgment. The estoppel of a judgment extends not only to matters which were, but to matters which might have been, but were not, presented. The frauds for which equity will avoid a judgment are not frauds which were in issue in a former case, but frauds which prevented the injured party from properly presenting his case, so that there was in fact no fair trial, as where one party deceived his opponent about the time of the trial, or bribbed a witness not to attend, or induced the other party by a false promise of a compromise to stay away from court, or where a party was kept in ignorance of the suit by the act of his adversary. Western Maryland R. R. Co. vs. Kehoe, THE DAILY RECORD, July 13th, 1898.

The facts stated in this equitable plea are all in issue under the pleas of fraud and duress, to which replications have been filed. If a judgment should be obtained on the issues raised by these pleas, equity would not interfere by reason of the facts stated in this equitable plea.

Motion granted.

No question was raised as to the form of the objections to this plea; i. e., by motion to strike out, and not by demurrer. It must therefore be assumed that the objections, if any exist, are waived.